Phillips *v.* Berger.

SAME TERM. · *Before the same Justices.*

### PHILLIPS *vs.* BERGER.

It is well settled that the remedy in equity must be mutual; and that if a bill will lie in favor of one party to a contract it will also lie in favor of the other.

The rule that specific performance will not be decreed of a contract respecting goods and things in action, is limited to cases where a compensation in damages would furnish a complete and satisfactory remedy.

A specific performance of a personal contract will be enforced where the party wants the thing in specie, and he can not otherwise be compensated; where an award of damages would not put him in a situation as beneficial as if the agreement were specifically performed; or where compensation in damages would fall short of the redress to which he is entitled.

So held in respect to an agreement between a creditor and a third person, founded on a valuable consideration, to *compromise* the claim of the former against his debtor.

IN EQUITY. This was an appeal by the defendant from a decree made by Justice Edmonds at a special term. The case at special term is reported in 2d Barb. Sup. Court Reports, 608, where the facts are stated.

*C. O'Conor*, for the appellant.

*H. F. Clark* and *D. Lord, Jun.* for the respondent.

*By the Court,* EDWARDS, J.   The ground upon which the plaintiff claims to be entitled to a specific performance of the agreement in question in this suit is, that in an action at law founded upon the agreement, and brought by the defendant, he could not obtain an adequate compensation in damages.   It is now well settled that the remedy in equity must be mutual; and that if a bill will lie in favor of one party to a contract, it will also lie in favor of the other.   ( *Withy* v. *Cottle,* 1 *Sim. & Stu.* 174.   *Adderley* v. *Dixon, Id.* 607.   *Hamblin* v. *Dinneford,* 2 *Edw.* 531.   2 *Story's Eq. Juris.* § 723.)

The question then to be considered is whether the defendant could, upon the facts proved in this case, sustain a bill for specific execution.

It will be observed by reference to the agreement, that the plaintiff does not undertake to transfer any property or thing in action to the defendant.   He does not agree to execute and deliver to the defendant either an assignment or a release of the claim which he has against John C. Morrison & Sons; he simply agrees to compromise it.   The first question which arises is, what is the meaning of the word *compromise?*   A debt, according to the ordinary acceptation of the term, is not compromised until it is discharged or extinguished.   What the particular form of the discharge may be, is immaterial, provided the debt ceases to exist.   A debt may be discharged by an accord and satisfaction, by a release under seal, or by the filing of a satisfaction piece, according to the situation of the debt, and the character of the consideration advanced.   As between the parties to a debt, an agreement to compromise would be performed on the part of the creditor, by his executing and delivering to the debtor such an instrument as would, under the particular circumstances of the case, be conclusive legal evidence of discharge. But what act is required to be done by the creditor, in the fulfilment of an agreement to compromise a debt due to him by a third person, who is not a party to the contract?   An assignment of the debt to the party claiming performance, would not be a compromise of it.   That would vest him with such a control over the debt as would enable him to enter into a contract

of compromise with the debtor, provided he should consent to it. Neither would it be equitable in this court to order a party who had agreed to compromise a debt of a third person to execute an assignment of it; for the very object of the agreement might be to enable the debtor to pay other claims of the creditor, and that object might be defeated if the creditor should be obliged to assign his claim to a person who could insist upon the payment of the whole of it. The delivery of property or securities to the creditor by a third person would not be a satisfaction of the debt, though accepted as such, and would not sustain a plea of accord and satisfaction, on the part of the debtor. (*Clow* v. *Burt*, 6 *John.* 37.) A release of the debt, under seal, would not discharge it, unless received and assented to by the debtor. It is undoubtedly true that as a general rule a party would not consider it a hardship to have an outstanding claim against him discharged. But yet he might have objections to it. His sense of legal or moral obligation, or of mercantile honor, or even his views as to his own ulterior interest, might render him unwilling to be regarded in the light of a person who had failed to perform his legal liabilities to their full extent. Or he might refuse to accept a discharge from mere caprice, and he would have the right to do so.

It must follow then that if this court should decree that the plaintiff should execute an assignment of the debt, or a release of it, still it would not be compromised; for, in order to make the compromise complete in either of these cases, an assent of the debtors would be necessary. And *that*, this court can not compel, inasmuch as the debtors are neither parties to the contract nor to this suit.

It appears, however, as an admitted fact in the case, that, at the time of the execution of the agreement in question, the claim of the plaintiff against John C. Morrison & Sons was in judgment. And there is no doubt that the judgment creditor can at any time cause it to be satisfied and discharged of record. No assent of the debtor is necessary to enable him to do so. He is the owner, and has the control of his own judgment, and he may enforce it, or cancel it, as he pleases. He has the power to

do all that is necessary to effect a complete compromise of the debt, without any concurrence on the part of the debtor.

It was contended, however, that the defendant in making the contract acted as the agent of John C Morrison & Sons. But the proof does not show that such was the fact; and, according to the terms of the contract, he was the principal party.

Again; it is said that an accord not received in satisfaction is not binding. That is unquestionably true; but the agreement in this case was not an accord in the technical sense. It was a contract between one of the parties to a debt and a third person, and being founded upon a valuable consideration it can be enforced.

If the bill in this case had been filed by the defendant against the plaintiff, it would have been a proper case for a decree of specific performance; and, as the remedy is mutual, we are of opinion that the decree made at the special term should be affirmed.

