CORNELIUS P. SCHERMERHORN *against* CLARK B. WHEELER.

The payment or performance of an entirely adverse judgment is not a waiver or forfeiture of any right to prosecute an appeal from such judgment.

*So held* in an appeal from a District Court where the judgment appealed from was affirmed, and the appellant then paid the judgment and the costs of appeal, and applied for and obtained a reargument.

MOTION to dismiss an appeal from the 8th Judicial District Court.

The motion to dismiss the appeal was made on an affidavit setting up the following facts :

Plaintiff recovered a judgment against the defendant in the 8th Judicial District Court of New York city, on Novem-

said court; and the order of the Supreme Court, dated December 30th, 1859, referring it to Hon. Wm. Mitchell, to inquire as to the moral character of said Niles, and to report whether in his opinion the rule removing him should be vacated; and the communication to the said court, by the said Wm. Mitchell, dated Sept. 28th, 1860, concerning the same; and on reading the affidavits, orders and motion papers in the action wherein George V. House was plaintiff, against John W. Porter, defendant, and the orders of the court made thereon; and the orders of the general term of the Supreme Court, dated Sept. 16th, 1857, denying the motion to restore his name to the roll of attorneys, &c. ; and the affidavits and orders made and granted by the court in the action between Thos. Butler, plaintiff, against Wm. Lee, defendant, with the notes of testimony taken before Thos. W. Clarke, referee appointed by this court March 20th, 1874, and the report of the said referee, not yet filed nor acted upon; and the affidavit of B. W. Buchanan, the certificate of the county clerk, dated January 11th, 1875 ; and on recording and filing the affidavit of said Niles, dated January 13th, 1875, and this court having heard the said Niles, in reference to his right to appear as attorney and counsellor in this court; and on reading and filing the affidavit of A. Oakey Hall, Esq., dated the 15th January, 1875 :

It is ordered and adjudged, that said George W. Niles, on the 3d day of February, 1851, was removed by the general term of the Supreme Court of the First Judicial District, from his office as attorney and counsellor of this State, and that since the conviction and sentence of the said Niles, his office as attorney and counsellor became vacant, and was forfeited by him ; that he has not been readmitted; and that he has no right to appear as an attorney and counsellor at law in this court, or in any court of this State.

ber 13th, 1873. Defendant appealed to this court, and the appeal was heard at the general term in May, 1874, and the judgment affirmed. The defendant then went voluntarily to the plaintiff and paid the judgment, and took from the plaintiff a satisfaction piece of the judgment, and also paid the costs of the appeal. Defendant then applied to the general term for a reargument of the appeal, and in November, 1874, such a reargument was ordered.

Plaintiff now claimed that, by voluntarily paying the judgment, the defendant had forfeited his right to further prosecute his appeal.

*C. P. Schermerhorn*, for the motion.

*C. B. Wheeler*, opposed.

Robinson, J.—The voluntary payment or performance of the terms of a judgment is ordinarily no waiver of an appeal therefrom (*Champion* v. *Plymouth Cong. Soc.* 42 Barb. 441 ; *Clowes* v. *Dickenson*, 8 Cow. 328 ; *Higbie* v. *Westlake*, 14 N. Y. 281 ; *Benkard* v. *Babcock*, 2 Robt. 135 ; *Armes* v. *Chappel*, 28 Ind. 469 ; *Dickensheck* v. *Kaufman*, 29 Ib. 154). It is only where the judgment, from parts of which an appeal is taken, is such that it must be wholly reversed if the parts appealed from are erroneous, and where the other parts favorable to the appellant have been enforced, that an appeal cannot be sustained, or generally in cases where the appellant has accepted or availed himself of such benefits thereunder as are inconsistent with the reversal sought, that he is precluded through compliance with or acceptance of the terms of the judgment from maintaining his appeal (*Bennett* v. *Van Syckel*, 18 N. Y. 481; *Knapp* v. *Brown*, 45 N. Y. 207). The payment or performance of an entirely adverse judgment is but a present submission to the decision sought to be reversed. The provision of the code relating to this appeal (§ 369), contemplates that such *payment* may have been made, and instead of giving any countenance to the idea that it should interfere with the right of appeal, by § 330, generally applicable to all

appeals, express provision is made for a restitution of all rights lost by the erroneous judgment, and including cases where satisfaction has been entered of record before the appeal (*Sheridan* v. *Mann*, 5 How. Pr. 201).

The motion should be denied, with $10 costs.

LARREMORE, J., concurred.

Motion denied.