## WEEKS *et al. v.* ZIMMERMAN.

*(Common Pleas of New York City and County, General Term.* April 1, 1889.)

ACCORD AND SATISFACTION—WHAT CONSTITUTES.

The defendant agreed to accept certain property of his debtor in satisfaction of a debt owing to him. The value of the property was not agreed upon, and no bill of sale was executed. The property was afterwards sold for less than the amount of the debt. *Held,* that the transaction was not a sale of the property in payment of an antecedent debt, but constituted an accord and satisfaction.

Appeal from Third district court.

Action by Charles L. Weeks and Benjamin Parr against Henry C. Zimmerman. Judgment was given for plaintiffs, and defendant appeals.

Argued before VAN HOESEN and BOOKSTAVER, JJ.

*T. McMahon,* for appellant.

PER CURIAM. This action was brought to recover damages for the alleged conversion of a horse, wagon, and harness. On the 10th of September, 1888, the firm of Miller & Pfeiffer, doing business as bakers in the city of New York, were embarrassed, and among their creditors were the plaintiffs and the defendant. Between 11 and 12 o'clock in the forenoon of that day, Pfeiffer, in his firm name of Miller & Pfeiffer, executed and delivered to the plaintiffs a chattel mortgage on all of the firm property then used in their business, including the horse, wagon, and harness in controversy, to secure the indebtedness of his firm to the plaintiffs. On the same day, Miller, of the firm of Miller & Pfeiffer, on behalf of his firm, and in ignorance of the fact that his partner had given the chattel mortgage to the plaintiffs, had an interview with the defendant, in which he stated his partner had taken some of the goods away, and that he was afraid they could not go on, but that if the defendant would take the horse, wagon, and harness for his debt they would be able to pay everybody else with the remainder of the property. After some negotiation defendant agreed to do so, and sent his agent for them, and they were delivered to him between 2 and 3 o'clock in the afternoon of the same day. Defendant hereupon canceled the debt on his books, and afterwards sold the horse, wagon, and harness for less than his debt. Plaintiffs did not file the chattel mortgage in the register's office until the following day. When they found the defendant in possession of the horse, wagon, and harness, they demanded them of him, and upon his refusal to deliver them they commenced this action for the conversion of this property, and, after a trial, the court below rendered judgment in favor of the plaintiffs. In this we think it erred, and it fell into this error by regarding the transaction between Miller and the defendant as a sale of the property in question in payment of an antecedent debt, which it was not. No sum was agreed on as the value of the property. There was no bargaining as to the price. No bill of sale was executed, and although a writing is not necessary to make a valid sale, yet we think it indicative of the intent of the parties. It was to be taken in satisfaction of the debt, no matter what was realized from the property, and this was consummated by defendant canceling the debt on his books when the agreement was made. As the event turned out, the property realized less than the amount of the debt, hence it was of advantage to the contracting party. This makes the transaction an accord and satisfaction, which is a substitution of a new agreement in lieu of the former one, and is accepted in full performance of the first agreement. The new agreement, we think, would have been a bar to any action which the defendant might have brought against Miller & Pfeiffer upon the original debt; hence the defendant was a *bona fide* holder of the property in question as against the plaintiffs, as the transaction was completed before they had filed their chattel mortgage.

*Thompson* v. *Van Vechten*, 27 N. Y. 568; *Parshall* v. *Eggert*, 54 N. Y. 18; *Dutcher* v. *Swartwood*, 15 Hun, 33. The judgment should therefore be reversed, with costs.