*L. H. Palmer* and *J. L. Wendell*, contra, cited 2 Tidd, 1072, 1073; 2 T. R. 44; 9 John. 66; Willes, 271.

UTICA,
August, 1827.

Beekman
v.
Bemus.

*Curia.* The plaintiff had a right, within four days after judgment. perfected, to take out execution, and levy; or *to execute the writ of possession. But it was upon peril of error being brought, and bail given within that time, which operate as a supersedeas; and, restitution will follow, if necessary.(a) In this case, that has been done in effect, not literally within the 4 days; but we do not doubt the power of a judge to enlarge the time, if done within the 4 days; and, in such case, this court may grant relief. That was done. Error was brought, and bail filed within the time limited by the order. Under the circumstances of this case, let all proceedings on the execution stay, until the further order of the court.

[*418]

(a) Vid. *Blunt* v. *Greenwood,* 1 Cowen, 15. *Jackson* v. *Varick,* ante. 412

Rule accordingly.

## Beekman *against* Bemus.

The plaintiff's attorney, being informed that the defendant's attorney wished to bring error, the former promised to give the latter notice when he filed his record, so that the latter might bring error and put in bail in season to stay proceedings. The record being sent to the plaintiff's counsel to file, if he should think it proper, previous to amending the *postea,* a motion for which was in contemplation, he filed the record; and no notice of this was given to the defendant's attorney, till after 4 days had elapsed from the time of filing it. A *fi. fa.* was, in the meantime, levied.

Where execution is executed, or its execution begun, and more than 4 days have elapsed from the time of perfecting the judgment, and there is no order to stay proceedings, the court. cannot relieve by ordering a writ of error to operate as a supersedeas.

A motion was now made for leave to bring error, and put in bail, so as to stay execution.

*J. Ellsworth,* for the motion.

*W. L. F. Warren,* contra, cited 9 John. 66; 17 id. 34; Dunl. Pr. 1138.

UTICA,
August, 1827.

Smith
v.
Ingraham.

*Curia.* This is the common case of the 4 days expired after judgment perfected, and no order to stay proceedings. No writ of error is filed or bail put in. The execution *being levied, we cannot give relief. The defendant must rely on the restitution which follows the reversal of the judgment, if it shall be reversed on error.

(a) Vid. *Jackson* v. *Schauber,* ante, 417.

Motion denied.(a)