NEW-YORK PRACTICE REPORTS. 201

Sheridan, Defendant in Error, agt. Mann, Plaintiff in Error.

## SUPREME COURT.

SHERIDAN, Defendant in Error, agt. MANN, Plaintiff in Error.

Where a judgment of the court below has been paid before writ of error brought, but not satisfied *of record;* on reversal thereof, the plaintiff in error can not enter a suggestion and award restitution of payment in his record of reversal *without leave of the court.*

It is otherwise where the judgment below is satisfied of record. There the evidence of payment comes up with the record, and restitution is a matter of course.

*Monroe Special Term, Oct.* 1850. This case originated in a Justice's Court, in which the defendant in error was plaintiff, and recovered judgment against the plaintiff in error for $16·97. The plaintiff in error brought a certiorari to the late Court of Common Pleas of Monroe county, where the judgment was affirmed in 1847. The plaintiff in error then brought a writ of error to this court where the judgment of the common pleas and that of the justice was reversed at the general term thereof held in Monroe county in June 1850.

Prior to the bringing of the writ of error to this court, and prior to filing the record of affirmance in the common pleas, but after the attorney for the defendant in error had prepared such record, the plaintiff in error paid the attorney for the defendant in error the amount of the judgment before the justice with interest and the costs of affirmance in the common pleas, deducting $1·00 for filing the record.

After the judgment of reversal in this court, the attorney for the plaintiff in error made up and filed a record of such judgment, in which he inserted an order for the restitution of the moneys paid by the plaintiff in error upon the affirmance in the common pleas, in the words and figures following, viz:

" And it appearing to the court here that said Robert J. Mann has paid to the said Michael Sheridan on said judgment so reversed, the sum of $36·01, on the 6th day of August 1847: Therefore it is considered that the judgment of the justice and the county court aforesaid for the errors aforesaid and other errors in the record and proceedings be reversed, annulled and altogether held for

26

nothing; and that said Robert J. Mann be restored to all things which he has lost by occasion of said judgment and that he recover of the said Michael Sheridan the sum of $31·01, with interest thereon from the said 6th day of August 1847, and also that he recover one hundred thirty-nine dollars seventeen cents ($139·17), adjudged to him before the said court by the justices thereof for his damages, costs and charges which he has expended in the prosecution of his writ of error, which sums, in the whole, amount to $169·18; and that said Robert J. Mann have execution therefor." The judgment for restitution was entered without an order of any court or judge, and without the consent of the defendant in error. On the 24th day of June last an execution was issued to the sheriff of Monroe county. The sum of $139·17, costs of the writ of error, was taxed ex parte, and upon retaxation upon notice, after the execution was issued, the sum of $34·73 was disallowed and deducted therefrom, and the sum of 93 cents added to the amount of interest on the $31·01, originally inserted in the bill, and the same was finally taxed at $105·37.

Immediately after the retaxation of the costs, the attorney for the plaintiff in error served upon the sheriff of Monroe county a notice to deduct the sum of $34·73 from the amount to be collected on the execution as of the day judgment was rendered. There are other facts stated in the affidavits read on the motion, some of which are adverted to in the opinion which follows.

A motion is now made that the judgment record and all subsequent proceedings be set aside, unless the plaintiff in error deduct from the execution $37·24, besides the sum of $34·73, disallowed on retaxation.

E. IDE, *for Defendant in Error.*

T. FROTHINGHAM. *for Plaintiff in Error.*

WELLES, Justice.—The plaintiff in error was irregular in awarding restitution for the particular sum alleged by him to have been paid in satisfaction of the judgment in the common pleas. The rule is that where the record of the inferior court, which is brought up by the writ of error, shows the judgment satisfied, restitution is a matter of course, and may be had by

the plaintiff in error after reversal, without motion to the court or scire facias.   The reason given is that in such case it appears on the record that the money is paid, and there is a certainty of what is lost (*Tidd's Prac.*, 936–7).   But where the record does not show the fact of payment or satisfaction of the judgment in the court below, as is the case here, the plaintiff has no right, upon his bare suggestion of the payment, to enter an award of restitution upon the record of reversal of the particular sum paid. The fact of payment in such case, is a matter resting *in pais*, and the defendant in error has a right to be heard before being compelled to pay.   True, the judgment upon reversal is that the plaintiff in error be restored to all that he has lost.   But what has he lost beyond the costs of prosecuting the writ of error ? The court can not know except by the record.   If that does not show the payment, by the more ancient practice the party was put to his *scire feci* inquiry to ascertain the fact, upon the return of which, restitution was awarded or refused.   But it is understood the modern practice has been to apply to the court by motion, on affidavit and notice to the opposite party for leave to suggest the fact on the record, upon which judgment of restitution is awarded.   On such motion, if it was clear upon the affidavits that the plaintiff was entitled to restitution, it would be awarded. If serious doubt existed, the defendant in error would be allowed to traverse the suggestion.

The question of the right of the plaintiff in error in this case to have restitution, has been fully litigated on this motion.   It is shown that the judgment in the common pleas was paid by him before the writ of error was brought to this court. It is contended on the part of the defendant in error, and attempted to be shown, that the payment was voluntary, and made under an agreement amounting to a compromise and settlement of the matters in dispute between the parties.   If this were in fact the case, how does it happen that the writ of error was brought and that no motion has been made to quash it on that ground ?   The fact that the parties have been before the court upon the question whether there was or was not error in the judgment below, shows either that there was no such agreement, or if there was, that it has been

abandoned.   I think the defendant in error fails to show in his moving papers any binding agreement of the character and effect as claimed.   It is clearly shown that the whole judgment below was paid before the writ of error was brought, and receipts given by the attorney for the defendant in error, copies of which are set forth in the opposing affidavit.   The money was paid in two sums; the first was $20, and a receipt given stating that it was to apply on the judgment, and the second was $16·01, the receipt for which states it to be in full of the balance of damages and costs in the suit.   The deduction of one dollar by the attorney for the defendant in error, was for an item of disbursements which was not then, and has never since been incurred by him. I think it was competent for the plaintiff in error to pay the judgment against him before execution and afterwards to bring error, and if he succeeded on the writ of error he would be entitled to restitution.   It was not necessary for him to wait until an execution was issued before payment, in order to entitle himself to restitution in case he should get the judgment reversed.

The case presented, therefore, is of a party doing what he had no right to do without leave of the court, but what the court would have allowed him to do upon asking leave, on motion and notice to his adversary; and the question is whether what has been thus done, shall be allowed to stand, and upon what terms.

There is no use of another motion in relation to this matter; as before remarked, the merits of the question of the right to restitution have been fully gone into and litigated on this motion, and I am satisfied that the plaintiff in error is entitled to restitution.   His practice was irregular and disorderly, and should not be countenanced.

Upon the whole, I am disposed to allow the record to stand, upon the plaintiff in error deducting from the execution in the sheriff's hands $33·80, being the amount disallowed on retaxation of the costs after deducting therefrom the sum of 93 cents added on such retaxation; and upon the plaintiff in error paying the defendant in error, or his attorney, ten dollars as the costs of this motion, and in default thereof that the motion be granted with $10 costs.