## SUPREME COURT.

### ESTUS, Respondent, agt. BALDWIN, Appellant.

Where the judgment of the appellate court is given for the appellant absolutely and finally, no new trial being ordered, it is *imperative* upon the court to order *restitution of all the appellant has lost.* (*Code,* § 330.)

Therefore, in a case where the judgments of the justice and the county court are reversed, complete restitution cannot be made to the appellant, short of paying him his costs of defending the action before the justice, and of prosecuting the appeal before the county court, together with his costs in this court.

Where the judgment of the appellate court is in favor of the moving party, whether appellant or plaintiff in error, the statute 2 *R. S.* 617, § 24, which has been held not to be repealed by the Code, and 1 *R. S.* 324, § 6, does not give *double* or *treble* costs.

*Livingston Circuit and Special Term,* Oct. 1853. Motion on the part of appellant for an order directing the clerk of Livingston County to adjust, and insert in the judgment, treble costs before the justice, in the county court, and in this court.

Estus agt. Baldwin.

Estus sued Baldwin before a justice for taking personal property, and recovered judgment, which was affirmed on appeal to the county court of Livingston County : on appeal to this court, the judgment of the county court and that of the justice were reversed. The trespass complained of was justified by Baldwin, who was a constable, under a warrant issued by the president of a court martial, to collect a military fine.

AMOS DANN, *for Motion.*
CHARLES C. WILSON, *Opposed.*

WELLES, Justice. The judgment of this court at general term, on the appeal from the county court, reversed the judgments both of the justice and the county court; and its effect was to restore the appellant to all things which he had lost by occasion of those judgments. Section 330 of the Code declares, among other things, that "when the judgment is reversed or modified, the appellate court may make complete restitution of all property and rights lost by the erroneous judgment." Although the language of the section is "*may* make restitution," &c., I entertain no doubt that the true construction is, to *require* the appellate court to make such restitution in all proper cases. There is a class of cases where it would or might be improper to order restitution; such, for instance, as where the judgment appealed from is reversed and a new trial granted. In such case, the court has a discretion in relation to granting costs, and as the judgment is not final, there is no restitution to be ordered. But where the judgment of the appellate court is the end of the action, and no new trial is ordered, I think it is imperative upon the court to order restitution of all the appellant has lost; and, in a case like the present, where the judgment of the justice and the county court are both reversed, complete restitution cannot be made, short of paying him his costs of defending the action before the justice and of prosecuting the appeal before the county court.

My opinion, therefore, is, that the appellant Baldwin is en-

titled to his costs, as well before the justice and in the county court, as in this court; and that they be all adjusted by the clerk of Livingston County, upon proper notice, and inserted in the judgment of this court.

The only remaining question is, whether the appellant is entitled to have his costs trebled under § 6, *tit. 9, ch.* 10, *part* 1 *of the Revised Statutes*, (1 *R. S.* 324, § 6.) It has been held, and I think may now be regarded as the settled practice of the court, that under section 24, (2 *R. S.* 617,) which has been held not to be repealed by the Code, a successful *plaintiff in error* is not entitled to have his costs doubled. Dockstader agt. Sammons, (4 *Hill.* 546;) Foster agt. Cleavland and others, (6 *How. Pr. R.* 253.) In Foster agt. Cleavland, the rule was with much good sense, as I think, applied by Justice HAND to an appellant. The principle seems to be, that where the judgment is in favor of the moving party, whether appellant or plaintiff in error, the statute does not give double costs. The section under which treble costs are asked for in this case, (1 *R. S.* 324, § 6,) although somewhat differently worded from the section giving double costs, (2 *R. S.* 617, § 24,) yet with respect to this precise question, viz. whether a successful appellant or plaintiff in error is entitled to the benefit of the provisions giving double or treble costs, they should, it seems to me, receive the same interpretation.

It follows, that the motion for treble costs must be denied. But as this is the first time that the question has been presented in this aspect for adjudication to my knowledge, no costs are allowed for opposing the motion.