Morgan, J.
It will be unnecessary to notice several things which have crept into the case, as the question presented by the appeal depends upon principles entirely independent of the value of the property, or of the validity of the tax title under which the appellants now claim possession.
It is conceded that the plaintiff was not entitled to a writ of assistance, to put him in possession of the mortgaged premises, as against the appellants. It is also admitted that the appellants were ejected, and the plaintiff was put in possession by force of the writ. That writ having been set aside and vacated on application of the appellants, the question is, whether the appellants have a legal right to be put back into possession of the premises.
The application of the appellants to be restored to the possession of the premises was denied by the court below, upon the ground that the tax title under which they claimed was invalid. It was therefore considered unjust to oust the rightful owner, and put Mr. Kingsbury, or any one claiming under him, into possession.
The papers upon which the court granted the writ of assistance are not before us. It however appears that it was obtained without notice to the appellants, upon an affidavit of the plaintiff, that Mrs. Hall came into possession under the defendants, after the filing of notice of Us pendens. This fact, however, seems to have been disproved. But it is sufficient to say, that the writ of assistance was set aside by the court, and can no longer be resorted to in support of the plaintiff’s possession. It must be assumed that the plaintiff had no right to such a writ as against these appellants, or the court upon *120 the hearing of the application might, I think, have refused to make. an absolute order setting it aside. That would have beeá the ordinary course, if the court intended to give the plaintiff the benefit of its execution. '
It is difficult to understand upon what theory the court set aside the writ, and at the same time granted to the plaintiff the full benefit of its execution. So far as the appellants are concerned, it is the same thing to them as though the court had refused their motion. If the appellants had a right to have the writ set aside, they, doubtless had a right to be placed in statu quo. It would be a mockery to set aside the writ, without restoring them to possession of the premises.
The appellants were ejected by force, under the authority of the court, which has since been withdrawn, and the question is, whether, as a matter of law, they should be restored.
The general rule is, that when judgment, order or decree has been reversed or vacated, restitution will be made of all property and rights which have been lost by reason of such erroneous judgment, order or decree. The case at bar furnishes no exception to the rule.
In Exp. Reynolds (1 Cai., 500), the Supreme Court awarded restitution to be made to Reynolds, who was turned out of possession by mistake in executing a writ of possession against him after judgment, he being in possession prior to the commencement of an ejectment suit to which he was not a party. ‘To the same effect is the case of Withers v. Harris (2 Ld. Raym., 806), where the court, upon setting aside the writ of possession, awarded restitution.
But the case of Doe dem., Stephens v. Lord (7 Ad. & E., 610), is still more to the point. The lessor of the plaintiff, who was mortgagee of the premises, obtained judgment and took out a writ of possession, under which the sheriff gave him possession. The court afterwad set aside the writ for irregularity, without ordering restitution. Thereupon the defendant obtained a rule calling on the lessor of the plaintiff to show cause why a writ of restitution should not issue to the sheriff, commanding him to restore the possession to the defendant. The lessor of the plaintiff refused to give up possession, alleging that he was entitled to retain the lands as mortgagee, and by *121 virtue of the judgment, Lord Denman, Chief Justice, said that on principle the lessor of the plaintiff could not be allowed to retain possession. As he had been enabled to obtain it with an appearance of authority from the court, to which he was not entitled, he ought not to keep the possession. All the judges concurring, an order was made that the possession be restored to the defendant.
The court will not, in such a case, stop and inquire into the validity of the respective titles. The plaintiff having title, may doubtless enter into possession of the premises, if he finds the possession empty, but he must take care that he does not enter with force. The law is very careful not to permit one man to acquire of another the possession of property by his own illegal act. (Curtis v. Hubbard, 7 Hill, 437.) Certainly the court will not permit the owner himself to make an improper use of its authority to expel a party who is in peaceable possession of real estate. And it may be added, that there is no other way for the court to vindicate its authority in such a case, except to award restitution.
It is claimed, however, that the order in question is not appealable. This claim is based upon the theory that it was a mere matter of practice whether the court would award restitution or not. But I think it very clear that the decision affects a substantial right, and involves a very important principle in the administration of justice. Although it may be true that Mrs. Hall has no title upon which she could defend her possession as against the plaintiff, she has a clear right to be protected in that possession until she is removed from it by due process of law. The possession itself is prima facie evidence of title, and she cannot be deprived of it without due process of law. The process having been withdrawn by which she was turned out of possession, it is a matter of course to restore her to that possession.
The order appealed from should be reversed, with costs in this and the supreme court, and an order granted restoring her to the possession of the premises.
Order accordingly.