By the Court.*—Robertson, C. J.
This is an application for an amendment of the judgment of reversal in this case, by adding thereto an award of restitution to the defendant of the premises which are the subject of controversy in it, and of which the plaintiff obtained possession under an execution on the reversed judgment. Section 330 of the code of procedure is not imperative, the word used being “may,” not “shall,” and leaves the matter open for the exercise of discretion by the court. As there is, possibly, no ground for exercising discretion where, a judgment of reversal is absolute, and no new rights have been acquired, in such case, restitution will be ordered as a matter of course (Estus v. Baldwin, 9 How. Pr., 80, per Welles, J.).
It does not seem to be settled, that merely because judgment of reversal embraces an order for a new trial, restitution will be refused (Britton v. Phelps, 24 How. Pr., 111). As such judgment replaces the action in the condition it was before trial it would seem that an appellant ought not to lose the rights of which he had been deprived by an erroneous judgment. He loses possession of the subject-matter of the action during the appeal, where he has not obtained a stay of proceedings, which ought to be sufficient punishment or calamity for his fault or misfortune in not giving security and obtaining a stay.
Where the rights of third parties have intervened, who have been misled by the appearance of things which has been the result of such omission to procure a stay, the *55 court ought not to permit them to "be prejudiced by an order for restitution, any more than on a sale of land to a third person on execution upon a judgment which is after-wards reversed. Of course, there is no room for a defendant to file a notice of Ms pendens, when he seeks no affirmative relief. His present right of restitution arises from something occurring after the commencement of the action.
An affidavit of Mr. B. F. Beekman, a purchaser of the premises 537, 539, and 541 Broadway, read upon this motion, which he opposed, shows that he is now in possession of such premises by his tenants, but says nothing of the vault in Mercer-street in front of them, which is the subject of controversy. He does not deny therein actual notice of this action, or claim to be a bona fide purchaser of the premises and vault. An affidavit of the attorney for the plaintiff shows that shortly after the latter was put in possession of such vault under the judgment reversed in this action, he conveyed the adjacent premises to a purchaser, but described them as bounded westerly “by the easterly side of Mercer-street,” which would exclude such vault; of which, however, such purchaser forthwith entered into the possession, and he and his grantees have so remained therein until the present time. And the plaintiff has never since been in possession of it. Such abandonment of the possession might relieve the plaintiff from all necessity of surrendering it, but could not affect the defendant’s right to enter into it. The affidavit of the present owner (Beekman) is not ^sufficient to show that he ought not to be left to his remedy, if entitled to any, by an original application to the court, showing his good faith and want of notice, in order to prevent his removal and that of his tenants.
The judgment of reversal, therefore, heretofore entered may be amended, by adding thereto an order restoring the defendant to all things which' he has lost by means or in consequence of the judgment reversed, as against -the plaintiff and those claiming under him, without prejudice to the right of the purchaser Beekman to set up any de *56 fense he may have to a writ of assistance, or any other mode adopted for his removal from such premises.
Order accordingly.

 Present, Robertson, C. J., and Monell and McCunn, JJ.