By the Court.—McCunn, J.*
This is an action on a bail bond. Immediately after the action was commenced, and on January 28, 1870, a motion was made and an or.ler granted by the learned chief justice, allowing ten days to surrender the principal, and he was surrendered accordingly, within the time granted. The general term reversed this order, and on April 30, 1870, the defendants appealed to the court of appeals. In the mean time, and on August 11,.1870, the plaintiff entered judgment for one thousand two hundred and forty-one dollars and ninety-nine cents, and on September 4, 1870, on execution the defendants *436 were compelled to pay to the sheriff the judgment and costs. On October 25, 1870, the court of appeals reversed the general term, and sustained the order of the learned chief justice allowing the surrender. On motion, the order and judgment of the court of appeals were made the order and judgment of this court, and the plaintiff ordered to make restitution. By the action of the court of appeals, the defendants were remitted to all the rights they had when the order of surrender was made. That surrender was complete and perfect, and after it was so perfected, the principal having been surrendered in obedience to the order of the court, no judgment could be entered after that time. Now, the plaintiff by entering judgment after such surrender, did so at his peril, and the general term order being reversed, the defendant is entitled to restitution of the moneys. An appeal from a judgment carries with it the action and the parties, and continues its existence. An appeal from an interlocutory order has the same effect to the extent of the order; it does not end when the action ends ; it continues after judgment, even after execution and satisfaction thereunder, so as to enable the court to correct errors or mistakes, and do absolute justice between the parties.
' The special term has jurisdiction to vacate a judgment which has been affirmed at general term, by reason of its supposed inconsistency with an order, and it may make restitution upon the proper notice given. The court of appeals, under section 330 of the Code, may also make restitution ; but it does not follow, that because the power of restitution is given to the court of appeals, that this court cannot also make restitution. On the contrary, it has the power and always exercised that power, both before and since the adoption of the section of the Code above cited. Moreover, the common law practice was the same. The Session Laws of 1832 were passed, which clearly define the practice, so *437 that this summary method of ordering restitution rests upon undisputed law and practice.* The case of Young v. Brush (18 Abb. Pr., 171), is not an authority. There the court held that restitution could not be made without notice, and that is all it does hold. Here, ample notice was given; but even that case stands solitary and alone in its peculiar and undefined views. Anciently, when judgments were reversed after payment to the sheriff, the party was put to his scire facias inquiry to ascertain the fact, and upon the return of which, restitution was awarded (Tidd Pr., 906 ; 2 Salk., 588); but before the Code, this practice was modified and the parties had only to move upon affidavit and notice, and that the court suggest the minute of the fact of the collection of judgment on the record ; then, on the suggestion being noted of record, restitution was ordered (see the chancellor’s views in Safford v. Stevens, 2 Wend., 158). The Code has changed this practice somewhat, and made it more simple, so that the party aggrieved can move either in the appellate court or in the court below, to have restitution ordered at once. There is no force in the argument that this court lost jurisdiction of the case after payment of the judgment. It has jurisdiction, and it still continues its jurisdiction over the case ; and the parties are still before the court, and it has the unquestioned power, —indeed, it is imperative on us,—to compel restitution instead of compelling the defendants to bring a suit to recover the money (12 Barb., 83 ; 29 Id., 87; 9 How. Pr., 80 ; 5 Id., 210; 24 Id., 111).
The order appealed from should be affirmed, with costs.
All the judges concurred.

 Present, Barbour, Ch. J., and McCunn and Spencer, JJ.

 Laws of 1832, p. 188, ch. 128. See Blydenburgh v. Johnson, 9 Abb. Pr. N. S., 457, where this act was held to be still in force.