## SUPREME COURT.

### James J. W. Dawley, appellant, agt. John P. Brown, respondent.

### Same agt. George D. Fox.

Where a regular judgment is entered giving the plaintiff possession of real property, and execution is issued putting him in actual possession, on setting aside the judgment and execution, the proper remedy of the defendant to compel *restoration* of the property, is to apply, under the code, to the special term of the court for an order to show cause why possession should not be restored to him, and an *order* granted on the hearing of the order to show cause, is sufficient authority to restore possession to the defendant. If disobedience to such an order is made it may be punished as for a contempt.

*Fourth Judicial Department, Buffalo, January,* 1872.
*Before* Mullin, *P. J.,* Johnson *&* Talcott, *J. J.*

These actions were brought to recover the possession of certain lands in the town of Mendon, in the county of Monroe. The issues thereon were noticed for trial at and were on the calender for the last April circuit in said county.

The defendant's attorney not having filed an affidavit of merits, inquests were taken by the plaintiffs' attorney on the 6th day of April last, and on the same day he entered judgments in said actions, and issued executions thereon on the same day to the sheriff of said county.

On the following day (the 7th April), the sheriff caused possession of the premises to be delivered to the plaintiff.

On the 8th April the defendant's attorney applied to the said circuit court to open the defaults and to be let in to defend, orally excusing the defaults, and the court did thereupon set aside the defaults, and did vacate said judgments upon the condition that the defendant's attorney should pay

the costs of entering the judgments and file affidavits of merits.

The plaintiffs attorney waived the payment of the costs, and the defendants attorney filed affidavits of merits.

At a special term held at the court house in Rochester an order was made upon the motion of defendant's attorney requiring plaintiff's attorney to show cause on the last Monday of April at a special term, to be held at the court house in Canandaigua, why possession of said premises should not be restored to the defendants, and restraining the plaintiff from entering into possession of the premises and from interfering with defendant's possession, and that plaintiff wholly desist and refrain from cultivating or in any manner working said premises.

On the 25th April, pursuant to the aforesaid order to show cause, the parties were heard by the said court, and thereupon an order was made requiring the plaintiff to restore the possession of said premises to the defendant, and that he remove forthwith his family and goods from said premises, and that he desist and refrain from interfering with defendants' possession until the final determination of said actions.

From these orders the plaintiff appeals.

*By the Court.*—MULLIN, *P. J.* The judgments were regularly entered. The defendant having omitted to file affidavits of merits, the plaintiff had the right to take inquests on any morning of the term after the first, and having entered judgments, he was entitled to issue execution, and by means thereof to obtain possession of the premises.

When the defendants default was excused and the court set aside the judgments, the defendant was entitled to be restored to the possession of the premises from which he had been removed.

The sheriff swears he put the plaintiff into possession on the 7th April, and the judgments were not vacated until the 8th of that month.

When the judgments were set aside, the plaintiff had no defense to actions by the defendants to acquire possession, or to recover damages for the illegal detention of the possession.

By the former. practice, the party entitled to possession was put in possession by a writ of *habeas facias possessionem.* This was a writ of restitution when issued to restore a party to possession, who had been put out of possession by such a writ (2 *R. S., & 2, ed.,* 235 § 41).

The provision last cited relates to cases where new trials have been granted, or recovery had by defendant in accordance with the Revised Statutes, regulating proceedings in ejectment.

These cases are not strictly within those provisions, but there being no other provisions of law applicable to the cases before us, the courts are compelled to apply the provisions referred to, as far as they are applicable.

There has been a judgment awarding to the plaintiff the possession of the premises in controversy, that judgment has been set aside, and defendant was entitled to have the possession restored to him. As that is to be done by the statute cited by writ of *habeas facias,* it must be done by the same process in these cases, unless the Code has changed the practice.

In all cases, where restitution was required to be made before the Code, by courts of record, it was done by writ (*Graham's Pr.,* 2 ed., 836-7 ; *Same,* 367 ; 7 *Cow.,* 417 ; *Comyn's Dig., Title Pleader.* 3 *B.,* 20)

Has the Code provided any other mode for enforcing restitution than by writ ?

Section 266 of the Code provides, that when the service of the summons is made by publication, the court may require of the plaintiff security that he will abide the order of the court touching the restitution of any estate or effects directed by the judgment to be transferred, or the restitution of any money collected by virtue of such judgment.

By section 330, an appellate court may on reversing or

modifying a judgment, make restitution of all property and rights lost by the erroneous judgment.

By section 369, the county court is required to order the amount paid or collected on a judgment that has been recovered, to be restored with interest. And the order may be obtained on notice of six days. And if such order is made before judgment, the amount may be included in the judgment.

The common pleas of New York, hold the practice under this section to be for the appealing party entitled to restoration, to apply for it to the appellate court, and if granted, it becomes a part of the judgment, and the amount can be collected by execution (*Kennedy* agt. *O'Brien*, 2 *E. D. Smith*, 41.)

These provisions of the Code contemplate restitution before and after judgment, and as part of the relief given by the judgment. Where the order for restitution is made after judgment, it is entered by way of suggestion at the foot of the record. Where granted as part of the relief, it forms part of the judgment. And if granted before it may be made a part of the judgment. But if not made part of the judgment, restitution is obtained through the order.

Where restitution is granted by judgment it can only be enforced by writ, whether it be to restore possession of real or personal property, or the re-payment of money, except where the judgment directs the doing of something other than the delivery of real or personal property, and the payment of money, the failure to perform may be punished as a contempt (*Code*, § 285).

Where restitution is directed by order, it must be enforced by execution, if that process can effect it, if not, then there is no way to protect the party except by punishing disobedience of the order as a contempt.

In 2d *Salkeld*, section 88, it is said, that where a judgment is set aside after execution for irregularity there needs no *scire facias* for restitution, but an attachment should

Dawley agt. Brown.

be granted upon the rule for contempt, if there be not restitution.

By this, is meant, I suppose, that when the judgment is set aside, there is no roll on which to enter either judgment for restitution, or a suggestion. And, as the rule or order directing restitution, is the only authority for it, disobedience to it, is treated as a contempt.

I am unable to perceive any reason why the practice pursued, in the case cited should not apply to the cases before us *(The People* agt. *Johnson,* 38 *N. Y.,* 763; *Chamberlain* agt. *Choles,* 35 *N. Y.,* 477).

For these reasons, the orders appealed from should be affirmed, with $10 costs.