## SUPREME COURT.

THOMAS HOLLOWAY, respondent, agt. BENJAMIN F. STEVENS, appellant.

*Public policy — applicable to principal and agent.*

Public policy, when it should be considered as the policy of the law, forbids an agent, by any underhand arrangement or device, from becoming the owner of his principal's property employed in or about the agency.

Where an arrangement was made and carried into effect, without the knowledge of the principal, that the principal's property should be sold upon the execution issued in favor of the defendant and purchased by the agent, and the proceeds, after payment of the sheriff's fees, which were fixed at the exorbitant sum of $200, paid over to the defendant, and that no restitution of it should be made in case of a reversal of the judgment:

*Held*, that the principal could not be deprived of the right secured to him by the law of having the proceeds of his property sold under the execution restored to him on the reversal of the judgment upon which the execution issued.

*General Term, First Department, October,* 1874.

MOTION for reargument of appeal from order directing restitution of moneys collected.

*Titus B. Eldridge,* for appellant.

*Gray & Davenport,* for respondent.

DANIELS, *J.* — The terms "public policy" contained in the opinion delivered upon the decision of this appeal should be "policy of the law." That policy forbids an agent, by any

underhand arrangement or device, from becoming the owner of his principal's property employed in or about the agency. Such an arrangement was clearly shown by the affidavit of the defendant, which was stated to be a true disclosure of the facts by the affidavit confirmatory of it made by his counsel.

The arrangement, in brief, was that the principal's property should be sold upon the execution issued in favor of the defendant and purchased by the agent, and the proceeds, after payment of the sheriff's fees, which were fixed at the exorbitant sum of $200, paid over to the defendant, and that no restitution of it should be made in case of a reversal of the judgment. This arrangement was so far carried into effect that the property was sold and purchased by the agent, and the proceeds disposed of in conformity to the understanding. No proof was made that the agreement or its performance ever became known to the principal whose property, by means of it, was transferred to his agent; for the sworn statements of the agent, made in a prosecution instituted against him by his principal, and his unsworn admission that such was the fact, would not have been evidence of that fact against the principal, even if they had been set out in the opposing affidavits (*Anderson* agt. *Rome, Watertown and Ogdensburg R. R. Co.*, 54 *N. Y.*, 334).

It is not probable that the arrangement itself, or the transaction under it, was communicated to or approved by the principal. The establishment of such a fact requires reasonably clear evidence to support it. No such evidence was supplied by the affidavits produced upon the hearing of the motion, and without that proof the principal could not be deprived of the right secured to him by the law of having the proceeds of his property sold under the execution restored to him on the reversal of the judgment upon which the execution issued. There is nothing inconsistent with this conclusion contained in the intimation which, it is affirmed, was made by two of the judges in the court of appeals when the case was argued before that tribunal. The criticism, at most,

Holloway agt. Stevens.

was merely directed to the use of the terms public policy, which, by some inadvertence in writing, copying or printing, appeared in the opinion delivered upon the decision made in this court, as it was printed with the case.

The motion should be denied.

DAVIS, P. J., and BARRETT, J., concurred.