## FLOYD VS. THE STATE.

FINE: *Payment of.*

Neither a justice of the peace, nor constable, nor any other person or offi-
cer, has any legal authority to take a mortgage for a fine adjudged to the
State in a criminal prosecution, and treat the judgment as " paid or col-
lected;" and such mortgage is not such payment or satisfaction of the
judgment of the justice, as will prevent an appeal from it by defendant.

APPEAL from *Howard* County.

Hon. L. J. JOYNER, Circuit Judge.

*Attorney general* for the State.

ENGLISH, CH. J.:

This case was determined in the Circuit Court of Howard
County, on appeal from the judgment of a justice of the peace.

It appears from the transcript of the justice filed in the
Circuit Court, that on the 16th of October, 1876, George T.
Epperson, by affidavit, charged John Floyd, before C. M. Stan-
ford, a justice of the peace of Muddy Fork Township, Howard
County, with the offense of wilfully and maliciously wounding a
white bull, the property of affiant.   Whereupon the justice issued
a warrant in the name of the State, to H. P. Epperson, consta-
ble, for the arrest of Floyd.   He was on the same day arrested,
taken before the justice, tried by a jury, found guilty, his punish-
ment assessed at a fine of twenty dollars, and the damage of
Epperson, the owner of the animal, assessed at $50: and the
justice rendered the following judgment upon the  verdict of
the jury.

"It is therefore adjudged by the court that the State of Arkan-
sas have and recover of the defendant, John Floyd, the sum of
twenty dollars, the fine assessed : and that the State of Arkansas,
for the use of George T. Epperson, have and recover of the defend-
ant, John Floyd, the sum  of one hundred and fifty  dollars, the

three fold amount of damage assessed by the jury in favor of said Epperson, the owner of the animal; also all the costs in this behalf expended."

Below the judgment, the costs are taxed in items, aggregating $13.70: then follows this entry:

"This judgment for costs is paid to constable in full: The fine and damages are settled by mortgage to the amount of $57, mortgage being given in favor of R. G. Shaver: The remainder of the damages is marked paid by order of George T. Epperson, the party whose animal was damaged."

(Signed)    "C. M. STANFORD, J. P."

After the above entry, the defendant took an appeal to the Circuit Court, executing a stay bond, with sureties. He appeared at the return term, was ordered to stand upon his appeal bond for his appearance at the next term, the witnesses for the State were recognized, and the cause continued.

At the next term (September, 1877,) the prosecuting attorney moved to dismiss the appeal, on the ground that the defendant had paid and satisfied the judgment prior to the taking of the appeal.

The motion came on to be heard, the record states, and was argued by counsel, and the court being sufficiently advised as to the law relating thereto, etc., and being of the opinion that the ground of the motion was well taken, sustained the same, and dismissed the appeal at the defendant's costs. The defendant excepted, and appealed to this court.

There is no bill of exceptions, and no indication in the record entries that any evidence was introduced on the hearing of the motion. The court below seems to have treated the entry made by the justice of the peace upon his docket, above copied, as sufficient evidence that the defendant had paid and satisfied the judgment before he took the appeal.

Section 2103, Gantt's Digest, (criminal procedure) provides that: "No appeals shall be taken from the judgment of a Justice's Court after it has been paid or collected, nor after sixty days from the rendition of the judgment."

The judgment was in favor of the State for a fine of $20, and costs, and in favor of Epperson, the owner of the animal, for $150, damages. Gantt's Digest, secs. 1380-1.

It seems that before the appeal the costs were paid: the fine and damages settled by mortgage given to R. G. Shaver, to the amount of $57, and the remainder of the damage awarded to Epperson, marked paid by his direction.

It appears that in the $57, secured by the mortgage, were included the fine of $20, adjudged to the State, and $37 of the damage adjudged to Epperson.

Who Shaver is, or in what capacity he acted in taking the mortgage, does not appear. But neither the constable, nor the justice of the peace, nor Shaver, no matter what office he held, had any legal authority to take a mortgage for the fine adjudged to the State in a criminal prosecution, and treat the judgment as "paid or collected." Epperson was at liberty to accept a mortgage, note, or to remit the whole or any part of the sum adjudged to him, for the damage done to his property by appellant. It was a compensation for a personal wrong which he could settle as he pleased. *Baldwin et al.* v. *Scoggin, use, etc.,* 15 Ark., 435.

There is no showing in the transcript before us that the fine of $20, adjudged to the State against the appellant for the public offense which he was charged with committing, has been "paid or collected" before he took an appeal from the judgment of the justice, and as to that he had the right of appeal. It follows that the court erred in dismissing the appeal.

The judgment must be reversed, and the cause remanded for further proceedings.