## SCHLIEF v. THE STATE.

1. APPEAL FROM J. P., *In misdemeanor, mortgage to secure the judgment no satisfaction.*
   The giving of a bill of sale or mortgage of property to the sheriff, to secure the payment of a fine and cost adjudged against a defendant, by a justice of the peace, is no satisfaction of the judgment, and will not bear an appeal from it to the Circuit Court.

2. SAME: *Same.*
   Where there is a judgment for fine and cost against a defendant in a justices' court, for malicious wounding of stock, and also for damages to the owner for the injury, payment of the fine and cost is no satisfaction of the judgment, and will not bar an appeal to the Circuit Court.

APPEAL from *Polk* Circuit Court.

Hon. H. B. STUART, Circuit Judge.

*C. B. Moore*, Attorney-General for the State.

### STATEMENT.

On the twenty-seventh of September, 1881, Theodore

Schlief was tried and convicted before a justice of the peace, in Polk county, of malicious mischief, in shooting a mule of C. B. Sale; was fined twenty dollars, and further adjudged to pay to Sale, for damages, the sum of twenty-five dollars, and also to pay all cost of the prosecution, and was ordered into the custody of the sheriff until the fine and cost were paid. The sheriff took from him a bill of sale of personal property to secure the payment of the fine and cost, and discharged him. Afterwards, on the twenty-ninth day of October, 1881, he appealed to the Circuit Court. The State moved to dismiss the appeal upon the ground that the fine and cost had been paid before it was taken. Upon the trial of the motion, the sheriff testified that after Schlief was placed in his custody, he took from him a bill of sale on certain personal property, which he enumerated, to secure the payment of the fine and cost. The property was delivered to him, and it was agreed between them that if Schlief paid the fine and cost in thirty days, the property should be returned to him. Witness had disposed of part of the property, but had not yet paid the money into court, but was ready to do so. He considered the fine and cost paid from the time he took possession of the property. The defendant failed to pay, and witness considered himself responsible to the State for the fine and cost in the justice's court.

Upon this testimony the court sustained the motion and dismissed the appeal, and the defendant appealed to this court.

#### OPINION.

HARRISON, J. The bill of sale from the defendant to the sheriff, which was in effect a mortgage to secure the payment of the fine and costs, was no payment thereof. *Floyd*

*v. The State*, 32 *Ark.*, 200. And if the fine and costs had been in fact paid, that was not a satisfaction of the entire judgment; the damages adjudged Sale remained unpaid, and the case was not within the meaning of section 2103 of *Gantt's Digest*, which says: "No appeal shall be taken from a judgment of a justice's court after it has been paid or collected. The court below erred in dismissing the appeal from the justice's court."

Reversed and remanded.