ELLEN T. HAYES, Respondent, *v.* CHARLES J. NOURSE, JR., Appellant.

A party against whom a judgment has been rendered is not prevented from appealing to this court by the fact that he has paid the judgment, unless such payment was by way of compromise, or with an agreement not to take or pursue an appeal.

(Argued December 13, 1887; decided December 23, 1887.)

This is a motion to dismiss an appeal as irregular and void for the reason that the judgment from which said appeal purports to be taken, was satisfied of record before the service of notice of appeal.

Judgment was recovered by plaintiff against defendant in the Court of Common Pleas on April 4, 1887, for $3,528.26, from which the defendant took an appeal to the General Term of said court, where the judgment was affirmed, and on June 10, 1887, a judgment of affirmance thereof and for $84.24, costs of said appeal, was entered.

On June fifteenth the defendant voluntarily paid both of said judgments, applied to plaintiff's attorney for, and received satisfaction pieces thereof, and on the same day filed the same and caused said judgments to be satisfied of record. No process had been issued or proceeding taken to enforce payment of said judgments. On September 27, 1887, the defendant served notice of appeal to this court.

*Arthur P. Hilton* for motion.

*Strong & Cadwalader* opposed.

DANFORTH, J.    The defendant's practice in paying the judgment before appealing from it is not to be condemned.   It is rather to be encouraged.   A party who recovers at the trial term and, against his adversary's appeal, sustains the recovery at the General Term, might fairly be deemed entitled to the fruits of his action without further delay.   The law, however, allows one more appeal, but although it is taken, the successful party may, nevertheless, enforce his judgment by execution, and so collect its award, unless the defeated party secures its ultimate payment by a deposit of money or an undertaking. Why may he not simplify the matter by placing the funds at once in the hands of the party, who, if the appeal fails, will be ultimately entitled to them?   By so doing he will save the costs of execution and do no harm to his creditor.   We think he should not, by a temporary submission to the decision of the court, be placed in a worse position than if he awaited execution and settled it with sheriff's fees.   In *Dyett* v *Pendleton* (Court of Errors, 8 Cow. 326), an execution had, in fact, issued, but the court held that even a voluntary payment of the judgment would have been no reason against a writ of

Opinion of the Court, per PECKHAM, J.

error and in a subsequent case, *Clowes* v. *Dickenson* (8 Cow. 328), Spencer, Senator, referring to the decision just cited, says: "I feel confirmed on reflection that no matter how the money is paid or collected, this cannot affect the right to try error on appeal." To the same effect are many subsequent decisions, and it must be deemed too well settled by authority to require further discussion, that a party against whom a judgment has been rendered is not prevented from appealing to this court by the fact that he has paid the judgment, unless such payment was by way of compromise, or with an agreement not to take or pursue an appeal. (1 Code Rep. [N. S.], 415; Ct. of App. 1852; *Sheridan* v. *Mann*, 5 How. Pr. 201; 42 Barb. 441.) The statute giving the right to appeal only requires that the judgment in question shall be final (Code, § 190), that the appeal shall be taken within one year after it is entered (§ 1325), and, anticipating such a case as that now presented, provides that if the judgment appealed from is reversed, the appellate court may make or compel restitution. The same rule prevailed before the Code, and it was applied whether the judgment was paid before or after writ of error brought. The only difference was in the manner of proceeding to inform the court of the facts on which the right to restitution depended. (Tidd's Practice, 1033, 1034; *Sheridan* v. *Mann*, *supra.*)

The appellant's practice has been regular, and the motion to dismiss the appeal should be denied, with $10 costs

All concur.

Motion denied.