## HAYES *v.* NOURSE.

(*Common Pleas of New York City and County, General Term.*   December 2, 1889.)

APPEAL—REVERSAL—RESTITUTION OF MONEY PAID.

> In the exercise of discretionary power conferred by Code Civil Proc. N. Y. § 1323, the court will order restitution of money paid on a judgment which has been reversed on appeal, where it appears that the judgment on appeal is in effect a final determination of the issues, though the money originally belonged to the party who obtained judgment in the trial court.

On motion for restitution.

Action of Ellen T. Hayes against Charles J. Nourse, Jr., an assignee, to recover purchase money paid on lands.   A judgment for plaintiff was affirmed at the general term, and the judgment paid by defendant.   Subsequently the judgment was reversed by the court of appeals, (see 22 N. E. Rep. 40,) and now defendant asks restitution.

Argued before LARREMORE, C. J., and DALY, J.
*G. W. Wickersham,* for the motion.    *W. B. Putney,* opposed.

LARREMORE, C. J.   This is a motion for restitution, under section 1323 of the Code.   The plaintiff purchased certain real estate, formerly belonging to defendant's assignors, at the assignee's auction sale, and, under the terms of sale, paid 10 per cent. of the amount of her bid to bind the bargain.   She subsequently rejected the title, and brought the present action to recover the amount of her deposit.   She obtained a judgment in her favor at special and general terms of this court.   The defendant thereupon, for reasons which seem perfectly proper, and of which the court of last resort has approved, (107 N. Y. 577, 14 N. E. Rep. 508,) paid the amount of said judgments, and satisfied the same.   Upon appeal to the court of appeals said judgments in plaintiff's favor were reversed, and defendant now demands restitution of the amount so paid.   22 N. E. Rep. 40.   The phraseology of section 1323 of the Code makes the right to a restitution discretionary with the court in all cases. Counsel for defendant cites adjudications in which the property in dispute had originally belonged to the defendant.   Such a case was *Costar* v. *Peters,* 4 Abb. Pr. (N. S.) 53, which was an action for ejectment, and in which the plaintiff by execution had been placed in possession of the premises sued for. Similar in effect was *Murray* v. *Berdell,* 98 N. Y. 480, in which the property of defendant had been sold under execution to discharge a debt alleged to be due the plaintiff.   We do not consider these cases analogous in principle to the case at bar, because here the money deposited was originally plaintiff's money, and therefore does not stand for property of which in the first instance defendant had been deprived.   If there appeared any feasible chance of plaintiff's obtaining a different result on the new trial which the court of appeals has ordered, we should be inclined to deny the present motion.   Defendant elected to satisfy the judgments, which was equivalent to returning to plaintiff her deposit, to be kept in her custody *pendente lite.*   If, therefore, there remained any actual uncertainty as to the ultimate right to such money, it would be more equitable not to interfere with its present custody, but to hold defendant to his election until final judgment and final affirmance on appeal. But inspection of the pleadings shows that the court of appeals has passed upon and authoritatively decided the only question raised.   The new objection which counsel for plaintiff seeks to interject upon this motion could not be urged upon a new trial, without an amendment of the complaint amounting to a substantial change of base.   We are not called upon here to say whether a motion for such amendment could under any circumstances prevail; and certainly we are not, when the present application is addressed to our discretion, bound to consider what plaintiff's possible *status* might be if a motion for a radical amendment had been made and granted.   Upon the case as it stands, the court of last resort has finally determined in defendant's favor the only issue involved, and therefore, in the exercise of our discretion, it is just that the order of restitution should be made.   The motion should be granted.