## PLATT et ux. v. WITHINGTON et al.

*(Supreme Court, Special Term, New York County. July 10, 1890.)*

1. APPEAL—RESTITUTION ON REVERSAL—POWER OF SPECIAL TERM.

Code Civil Proc. N. Y. § 1323, providing that, "when a final judgment or order is reversed or modified upon appeal, the appellate court or the general term of the same court, as the case may be, may make or compel restitution of property, or of a right lost by means of the erroneous judgment or order," does not affect the power of the supreme court at special term to order restitution after such reversal or modification.[1]

2. SAME—INTEREST AND COSTS.

Pending an appeal in an action for partition, the proceeds of the land, which had been sold under the judgment, were deposited with a trust company. *Held* that, on reversal by the court of appeals, appellant was entitled to restitution of the costs of the general and special terms, and of a sum equal to the difference between the interest paid on the fund by the trust company and the full amount of interest at the rate allowed by law.

At chambers. Action by Spencer C. Platt and Susan F. Platt, his wife, against Maria R. Withington and others, to determine the title to certain real estate under the will of George W. Platt, deceased, and for partition. The court held that decedent was intestate as to the real estate in question. Defendant Mrs. Withington appealed to the general term, which affirmed the judgment. 47 Hun, 558. Mrs. Withington then appealed to the court of appeals, and the judgment was reversed, with costs to Mrs. Withington, (23 N. E. Rep. 1116,) and she now moves for restitution of costs, and for the difference between the interest paid the United States Trust Company, with which the proceeds of the land were deposited, a sale having been ordered, and the legal rate of interest. Code Civil Proc. N. Y. § 1323, provides that "when a final judgment or order is reversed or modified upon appeal, the appellate court, or the general term of the same court, as the case may be, may make or compel restitution of property or of a right lost by means of the erroneous judgment or order."

*Arnoux, Ritch & Woodford,* for the motion. *Edward S. Clinch,* opposed.

BEACH, J. I have never known the power of this court questioned to award restitution summarily upon reversal of a judgment. Section 1323, Code Civil Proc., confers that power upon the appellate court, or the general term of the same court, as the case may be, but was not intended to, nor does it, negative the authority of this court. This motion was properly made at chambers, and the conclusion seems to be supported by *Wright* v. *Nostrand,* 100 N. Y. 616, 3 N. E. Rep. 78. In *Wallace* v. *Berdell,* 98 N. Y. 480, restoration to possession of land was held not to affect complete restitution, and the court ordered an accounting for and payment of mesne profits. I do not perceive any distinction in principle between mesne profits of realty and interest on moneys. It would be less than complete restitution to award repayment of a principal sum, the moving party having been deprived of its use by an erroneous judgment. An examination of the papers show that the order appealed from and affirmed in *Market Nat. Bank* v. *Pacific Nat. Bank,* 102 N. Y. 464, 7 N. E. Rep. 302, awarded interest on the sum collected from

[1] See note at end of case.

date of payment. This is a direct adjudication upon the point. The costs and allowances awarded by the special term were paid from a fund belonging to the moving party, and their amount should be refunded, with interest. She has the same right to a refund of the general term costs paid, and the difference between interest paid by the trust company, and the legal rate.

Motion granted.

NOTE.

RESTITUTION AFTER REVERSAL ON APPEAL—APPLICATION. In Hayes v. Nourse, after reversal by the court of appeals of a judgment of the general term of the common pleas which affirmed a judgment entered on the report of a referee in favor of plaintiff, (22 N. E. Rep. 40,) defendant, who had paid the judgment, moved at special term of the common pleas for restitution. DALY, J., denied the motion on the following opinion: "The motion for restitution should be made at the general term, this action having been tried in this court. The Code (section 1323) directs that, where a final judgment is reversed upon appeal, the appellate court or the general term of the same court (i. e., the court where the action is tried) may compel restitution. This enactment confines the exercise of the powers to the tribunals expressly mentioned, and excludes all others, among them the special term of the court. The former Code (sections 330, 369) conferred the power upon the appellate court, but it was exercised by the trial court by virtue of its inherent common-law powers; and the motion to compel restitution was heard at the special term in the first instance. The new Code recognizes this jurisdiction in the trial court, but confines its exercise to the general term, to which, in the first instance, the application must now be made. The motion is denied, without costs, without prejudice to renew at the general term." The motion was afterwards renewed at general term, where it was granted. 7 N. Y. Supp. 656. On settlement of the order, the portion which directed the entry of a judgment of restitution for defendant was stricken out. On motion for resettlement by inserting the words stricken out, VAN HOESEN, J., filed the following opinion: "The application for restitution ought, as a matter of safety, to have been made to the court of appeals. There is no doubt at all that that court would have ordered restitution, and inserted a direction for restitution in its judgment of reversal. That is, as I conceive, the correct practice, and, if it had been pursued in this case, an execution against real property could have been issued. But I do not feel authorized to add a jot or tittle to the judgment of the court of appeals. When a remittitur is received, my duty as a judge of the common pleas is to see to it that the judgment of the court of appeals is made a judgment of the court of common pleas, but not to do more. Where the court of appeals has not given judgment for restitution, the court of common pleas cannot give it. Perhaps the true construction of section 1323 is that, when the general term of the common pleas reverses a judgment, it may adjudge restitution; and that, when the judgment is reversed by the court of appeals, that court and no other may adjudge restitution. But I am bound by the construction that my own general term has given to the action, and therefore I will adhere to the order of restitution; but I do not think that I have the power to direct the entry of a judgment of restitution in this case. Why does not Mr. Nourse now apply to the court of appeals for an amendment of the judgment, so that restitution may be provided for therein? That seems to me to be the straight road out of the difficulty, though an action for the money will also lie. Lott v. Swezey, 29 Barb. 87." Defendant then moved the court of appeals to recall the remittitur and amend the judgment of reversal by inserting a provision that defendant recover the amount paid by him, whereupon an order was entered "that the defendant recover of the plaintiff by way of restitution said sum of $3,652.25, with interest from the date of payment, and that the record in this case, and the proceedings in this court therein, be, and they hereby are, again remitted to the said court of common pleas, there to be proceeded upon according to law." When the remittitur was again filed in the court of common pleas, an order was there entered that defendant recover from plaintiff by way of restitution the amount paid by him, and that execution issue therefor. Plaintiff moved to strike out that part of the order which directed that defendant recover, and that execution issue. The motion was heard before ALLEN, J., who filed the following memorandum: "The motion is denied on the authority of O'Gara v. Kearney, 77 N. Y. 423."

In Marvin v. Mining Co., 56 N. Y. 671, it was said that a motion for restitution should be made in the court below, though the court of appeals has power to dispose of the matter. See, also, Dawley v. Brown, 43 How. Pr. 17, 22.

WHEN ORDERED. Where a writ of assistance has been improperly granted to put the purchaser at a foreclosure sale in possession, and it is afterwards set aside on the motion of the occupants of the mortgaged premises, who were not parties to the foreclosure suit, restitution will be awarded to the persons dispossessed under the writ of assistance. Chamberlain v. Choles, 35 N. Y. 477. Where a judgment against the sureties in an appeal-bond, which has been paid by the principal in such bond, is reversed, restitution of the money so paid will be ordered to be made to the sureties, as the principal will be presumed to have paid the judgment on behalf of the sureties. No demand is necessary in such case. Marshall v. Macy, 10 Abb. N. C. 87. Where a judgment for plaintiff in ejectment, under which plaintiff is put in possession of the prem-

ises in controversy, is reversed, and a new trial ordered, restitution of the premises will be awarded to defendant. Costar v. Peters, 4 Abb. Pr. (N. S.) 53. Where a tenant is removed from the leased premises under a judgment in proceedings by the landlord, and the judgment is afterwards reversed on *certiorari*, restitution will be awarded to the tenant. People v. Johnson, 38 N. Y. 63.

JUDGMENT ABSOLUTE IN APPELLATE COURT. Where a judgment is reversed, and judgment absolute for appellant is given in the appellate court, appellant is entitled to complete restitution of all that he has lost. Hence, where there is a reversal of the judgments of both the justice of the peace and the county courts, the order of restitution will include his costs before the justice, and the costs of prosecuting the appeal to the county court. Estus v. Baldwin, 9 How. Pr. 80.

VOLUNTARY PAYMENT OF JUDGMENT. Where a defendant against whom a judgment is rendered pays the judgment before execution issues, and after such payment sues out a writ of error on which the judgment is reversed, restitution will be awarded to him. Sheridan v. Mann, 5 How. Pr. 201. Where judgment in an attachment suit is paid pending an appeal on which it is afterwards reversed, restitution of the money so paid will be ordered, though a new trial is awarded, and though the attachment is pending. In such case the money will be ordered to be paid into court to abide the result of the new trial, and subject to the lien of the attachment. · Britton v. Phillips, 24 How. Pr. 111.

MATTER OF COURSE. Where a judgment is paid before a writ of error is taken, but satisfaction is not entered of record, plaintiff in error cannot have restitution without leave of court, but, where satisfaction is entered of record, evidence of payment comes up with the record, and restitution is a matter of course. Sheridan v. Mann, 5 How. Pr. 201.

SEPARATE ACTION. Where a judgment which had been paid is afterwards reversed, appellant may either move for restitution or may sue to recover the money paid by him under such judgment. Lott v. Swezey, 29 Barb. 87; Clark v. Pinney, 6 Cow. 297; Sturges v. Allen, 10 Wend. 355; Kidd v. Curry, 29 Hun, 215.

INSOLVENCY OF APPELLANT. Where a judgment has been reversed and a new trial ordered, the court may, on a motion for restitution, make such order as it may deem proper for the safe-keeping of the money collected, so as to protect respondent from loss by reason of the insolvency of appellant. Marvin v. Mining Co., 56 N. Y. 671.

ORDER OF ARREST. A judgment for defendant against whom an order of arrest has issued discharges such order, and it cannot be reinstated on reversal of the judgment. People v. Bowe, 81 N. Y. 43; Wilson v. Ryder, 13 Civil Proc. R. 69; Bowman v. Bowe, 40 Hun, 489.

WAIVER. An agent cannot, without the knowledge of his principal, and for his own benefit, waive the principal's right to restitution. Holloway v. Stevens, 48 How. Pr. 129.