HUBBARD *v.* STATE.

Opinion delivered June 27, 1903.

APPEAL—EFFECT OF GIVING SECURITY FOR FINE.—A judgment defendant does not waive the right to appeal from and to reverse a judgment imposing a fine and cost, upon him by executing a note and mortgage to the state to secure the payment of such judgment.

Appeal from Sebastian Circuit Court.

STYLES T. ROWE, Judge.

Reversed.

*T. B. Pryor,* for appellant.

The execution of a note and mortgage to secure payment of fine and cost does not bar the right of appeal. 32 Ark. 200; 38 Ark. 522; Act, 1893, 50.

BATTLE, J. Arthur Hubbard was accused, before a justice of the peace, of gaming, and was, on the 23d of November, 1900,

convicted of that offense, and was fined in the sum of ten dollars. After conviction he executed a note and mortgage to secure the payment of the fine and costs. On the 29th of December, 1900, he prayed an appeal to the circuit court, and filed a bond, which was approved by the justice, and the appeal was granted. In the circuit court the prosecuting attorney moved the court to dismiss the appeal on the ground that the defendant had executed a note and mortgage to the state of Arkansas in payment of the fine and costs adjudged against him by the justice of the peace; and the court sustained the motion, and the defendant appealed to this court.

Section 2103 of Gantt's Digest provides: "No appeal shall be taken from the judgment of a justice's court after it has been paid or collected, nor after sixty days from the rendition of the judgment."

In *Floyd* v. *State*, 32 Ark. 200, the appellant was accused and convicted of a misdemeanor in a justice's court, and his punishment was assessed at a fine of twenty dollars, and judgment was rendered against him for the fine and costs. He paid the costs and executed a mortgage for the fine. Thereafter he appealed to the circuit court. The prosecuting attorney moved the circuit court to dismiss the appeal on the ground that the appellant had paid and satisfied the judgment before taking the appeal. The circuit court sustained the motion. This court held that no one had any legal authority to take a mortgage for the fine adjudged to the state, and treat the judgment as "paid and collected," and that the circuit court erred in dismissing the appeal.

In *Schlief* v. *State*, 38 Ark. 522, this court followed the ruling of *Floyd* v. *State, supra,* and in both cases held that the execution of a mortgage for a fine was not a payment or collection of the fine within the meaning of section 2103 of Gantt's Digest.

Since the opinions in the cases cited above were delivered, section 2103 has been amended by an act, approved February 21, 1893, to read as follows: "No appeal shall be taken from a judgment of a justice's court after sixty days from the rendition thereof"; and an act, entitled "An act amending section 2321 of Sandels & Hill's Digest, approved March 3, 1897, has been passed, which is, in part, as follows: "Whenever any person shall be convicted of a misdemeanor by any court or justice of the peace, and shall give security for the fine and costs adjudged against him, the sheriff or other officer taking such security shall forthwith file with the clerk

of the court or justice of the peace rendering the judgment the bond or note so taken, which bond or note, when so filed, shall have the force and effect of a judgment, and if the same be not satisfied at the maturity thereof, the clerk of the court or justice of the peace, as the case may be, shall issue an execution against the defendant and the said securities, which execution so issued shall have the same force and effect as other executions in criminal cases."

It is obvious that the security mentioned in the act of March 3, 1897, is personal security, and not a mortgage or lien upon property; and that no one had authority to take a mortgage for the fine in this case. According to *Floyd* v. *State* and *Schlief* v. *State,* appellant was not deprived of, or estopped from taking, an appeal by the execution of his note and mortgage, and the circuit court erred in dismissing the same.

The weight of authority goes to the extent of holding that, in the absence of a statute to the contrary, "a judgment defendant does not waive the right to appeal and to reverse the judgment for error by paying the amount thereof, either before or after taking his appeal, no matter whether the payment is made voluntarily or after execution has issued and been served upon him." *State* v. *Conkling,* 45 Am. State Rep., 272; *Page* v. *People,* 99 Ill. 418; *Hayes* v. *Nourse,* 107 N. Y. 577; *Pittsburgh, etc., Ry. Co.* v. *Martin,* 53 Ohio St. 86; *Chapman* v. *Sutton,* 68 Wis. 657; *O'Hara* v. *McConnell,* 93 U. S. 150; Elliott, Appellate Procedure, § 152, and cases cited.

Reverse and remand with instructions to the court to overrule the motion to dismiss the appeal, and for other proceedings consistent with this opinion.